UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

___

THE GENERAL INSURANCE COMPANY *
A/S/O CHARLES A. RUCKER        *
                               *
Plaintiff                      *     No.
                               *
     vs.                       *
                               *
JERRY L. THOMPSON AND           *
UNITED STATES POSTAL SERVICE   *
                               *
   Defendants                  *

___

COMPLAINT

___

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE STRICT OF TENNESSEE:

Comes now your Plaintiff and for cause of action against the Defendants herein respectfully charges and avers as follows:

## JURISDICTION AND VENUE

**I.**

Plaintiff, the General Insurance Company a/s/o Charles A. Rucker, respectfully alleges that it is a corporation organized and doing business in the various states in the United States, including the State of Tennessee, being qualified and certified to do business in the State of Tennessee, and is engaged in the business of providing insurance for automobiles, among other things. Plaintiff, the General Insurance Company, provided automobile insurance coverage to Charles A. Rucker, a resident citizen of Rutherford County, Tennessee, on the vehicle involved in the accident described herein.

**II.**

Plaintiff alleges that the Defendant, Jerry L. Thompson, is a resident citizens of Rutherford County, Tennessee.

The United States Postal Service is a federal agency headquartered in Washington, D.C.

As the United States Postal Service is a federal entity, venue lies in U.S. District Courts.

**III.**

Plaintiff further alleges that this cause of action arises in tort out of property damages incurred as a result of an automobile collision which occurred in Rutherford County, Tennessee at or near S. Church St. and Hillard Dr. on or about December 11, 2018.

**IV.**

COMPLIANCE

Attached as Exhibit "A" is Plaintiff's May 7, 2020 letter requesting a reconsideration of the United States Postal Service's denial of this claim.

FACTS

**V.**

Plaintiff alleges Plaintiff's and Defendants' vehicles were traveling north on S. Church St. approaching an intersection. Plaintiff's vehicle stopped for traffic that was backed up due to a red light. Defendants' vehicle merged into Plaintiff's lane behind the Plaintiff's vehicle. When Defendant's driver realized Plaintiff's vehicle was stopped, Defendant's driver attempted to merge out of Plaintiff's lane, but was unable to due so in time and struck the rear of Plaintiff's vehicle with great and demolishing impact.

Defendant's vehicle struck Plaintiff's vehicle in a negligent fashion and suddenly and without warning and is the proximate cause of injuries and damages sustained herein while Plaintiff took all reasonable steps to obey the law.

**VI.**

Plaintiff's vehicle sustained damages from the violent impact of Defendants' vehicle and sustained injuries that will be set forth in more particularity.

Plaintiff alleges that all acts of negligence are imputed from the driver of Defendants' vehicle to the owner of the Defendants' vehicle by state law and respondeat superior

ACTS OF NEGLIGENCE

**VII.**

Plaintiff alleges that the Defendant was guilty of the following acts of common law

negligence, which were a direct and proximate cause of your Plaintiff's injuries and resulting damages to-wit:

    a. In negligently failing to use the degrees of care and caution in the operation of the vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    b. In negligently failing to maintain a proper lookout for other vehicles;

    c. In negligently failing to keep their vehicle under proper control;

    d. In negligently failing to devote full time and attention to the operation of their vehicle;

    e. In failing to control the movement, momentum for direction of travel for their vehicle, or to turn or guide the same, as it was their duty to do so, as to avoid causing a collision to occur, then and thereby injuring Plaintiff.

## VIII.

Your Plaintiff further alleges that the Defendant was likewise guilty of violating code section of the Tennessee Code Annotated including but not limited to the following section each and everyone of which was in full force and effect at the time and place of said collision constituting negligent per se and were a direct and proximate cause of your Plaintiff's injuries and damages and should be imputed to the owner of the Defendant's vehicle.

    A. 55-8-123 driving on roadways laned for traffic;

    B. 55-8-124 following too closely;

    C. 55-8-136 drivers to exercise due care;

    D. 55-8-197 failure to yield right of way;

    E. 55-10-312 registration prima facia evidence of ownership and the operation was for owner's benefit;

## IX.

Plaintiff respectfully alleges that as a direct and proximate result of the aforementioned acts of negligence in violation of the official traffic ordinances and State Statutes on the part of the Defendants herein, he was caused to suffer and incur the following injuries and damages to-wit:

A. Property damages.

RELIEF SOUGHT

**X.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully sues the Defendant for the sum of $7,144.13, plus costs.

*/s/ Alan s. Kleiman*
Alan S. Kleiman (9204)
799 Estate Place
Memphis, Tennessee 38120
(901) 763-2500
